UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NEHEMIAH D. ROLLE,
            Plaintiff,

       -v.-                                                9:05-CV-991
                                                                         (NAM)(RFT)

SUSAN A. CONNELL, Superintendent of Oneida Correctional
Facility; WILLIAM C. SPURGEON, Chairperson of the Time
Allowance Committee at Oneida Correctional Facility;
W. BUSH-MUNCY, Inmate Records Coordinator; and
GLENN S. GOORD, Commissioner of the New York State
Department of Correctional Services,
            Defendants.

---

APPEARANCES:

NEHEMIAH D. ROLLE
Plaintiff, *pro se*

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

## **ORDER**

### I. **Introduction**

      Presently before the Court is a civil rights complaint filed by Plaintiff, Nehemiah D. Rolle.[1] Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis* and a submission titled "Motion for a Temporary Restraining Order and Preliminary Injunction." Dkt. Nos. 2, 4. Plaintiff was incarcerated at Oneida Correctional Facility at the time of filing these submissions; however he was later released. *See* Dkt. No. 7.

### II. **Allegations contained in the complaint**

      Plaintiff alleges that the Time Allowance Committee ("Committee") at Oneida Correctional Facility confined him past his purported conditional release date of May 21, 2005, in

---

[1] Plaintiff previously filed two other actions in this District. *See Rolle v. Bolster, et al.*, 9:03-CV-1529; and *Rolle v. Garcia*, 9:04-CV-312.

violation of his civil and constitutional rights.  Dkt. No. 1, Complaint at p. 8, ¶ 7.  Plaintiff alleges that Defendant Connell wrongfully placed a stay on his conditional release date.  *Id*.  Plaintiff also claims that during a Committee hearing, he was prevented from calling witnesses in his defense; and that Defendants Spurgeon and Bush-Muncy allegedly made false statements about his institutional and criminal records.  *Id.* at pp. 12-13, ¶¶ 6-8.  Additionally, although not clear, Plaintiff appears to allege that the delay may have been due to the Committee denying Plaintiff good-time credits.[2]  *Id.* at p. 14, ¶ 9.  Plaintiff requests immediate release, monetary damages, and injunctive relief.  *Id.* at p. 16, ¶ 9.  For a complete statement of claims, reference is made to the complaint.  *See* Dkt. No. 1.

To the extent that Plaintiff challenges the fact or duration of his alleged wrongful confinement and seeks immediate release from incarceration, a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is the **sole federal remedy** when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate or speedier release from imprisonment.  *See* 28 U.S.C. § 2254; *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  For a federal court to exercise jurisdiction over a habeas corpus petition, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In this case, a habeas corpus petition would be moot because Plaintiff was released from incarceration; and is not challenging his continued custody.  Therefore Plaintiff may not be able to satisfy the statutory "in custody" requirement of 28 U.S.C. § 2254.  In any event, under no circumstances may he seek release via an action brought pursuant to 42 U.S.C. § 1983.

---

[2] Plaintiff claims that he was prevented from calling "available eyewitnesses . . . [who] would have exonerated Plaintiff of [a] charge . . . which is the subject of this recommendation for a lost [sic] of good time of three (3) months."  Dkt. No. 1, Complaint at p. 14, ¶ 9.

2

To the extent that Plaintiff seeks damages for the alleged violations of his civil rights pursuant to 42 U.S.C. § 1983, he is advised that in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. The dispositive factor in the *Heck* inquiry is whether judgment in favor of the prisoner would "necessarily imply" the invalidity of the conviction or sentence. *Gastelu v. Breslin*, No. 3-CV-1339, 2005 WL 2271933, at *2 (E.D.N.Y. Sept. 12, 2005) (citing *Heck*, 512 U.S. at 487).[3] If so, the complaint must be dismissed unless the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. Conversely, where the § 1983 action "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* (original emphasis).

*Heck's* reach was extended in *Edwards v. Balisok*, 520 U.S. 641 (1997), where the prisoner-plaintiff sought damages under § 1983 for deprivation of good-time credit without due process, stemming from a disciplinary hearing at which a hearing officer was allegedly deceitful, biased, and denied witness testimony in the prisoner-plaintiff's defense. *Id.* at 644. In dismissing the claim for declaratory relief and money damages, the Supreme Court held that an award of damages for the deprivation of good-time credit would amount to an acknowledgment that the hearing officer was partial; thereby necessarily implying the invalidity of the hearing officer's

---

[3] The Supreme Court later noted that "*Heck* uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement." *Wilkinson v. Dotson*, __U.S.__, 125 S.Ct. 1242, 1249 (2005) (citations omitted). Further, "*Heck* uses the word 'sentence' interchangeably with such other terms as 'continuing confinement' and 'imprisonment.'" *Id.* (citing *Heck*, 512 U.S. at 483, 486).

3

judgment against the prisoner-plaintiff.  *Id.* at 646-48.

In *Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001), the Second Circuit held that *Heck* did **not** bar the plaintiff's § 1983 action, in part, because he had long since been released from custody, rendering a habeas remedy unavailable.  *Id.* at 75.  However *Huang* was distinguished in *Gastelu v. Breslin*, 2005 WL 2271933, where it was held that the plaintiff in that case,

> **unlike the ex-prisoner in *Huang,* was still in prison when he initiated this § 1983 action**.  Because his challenge would necessarily imply the invalidity of his confinement, **he is precluded from bringing an action under § 1983.  The fact that he was released while his § 1983 action was pending does not alter the result.**

*Id.* at *4 (emphasis added).

In this case, Plaintiff sets forth allegations somewhat similar to those in *Edwards*, 520 U.S. at 644.  Plaintiff *appears* to allege that the Committee may have denied Plaintiff good-time credit and wrongfully held Plaintiff past his purported conditional release date; and that at a Committee hearing, Defendants allegedly made false statements and denied Plaintiff's introduction of witness testimony in his defense.  Dkt. No. 1, Complaint at pp. 12-13, ¶¶ 7-8; p. 14, ¶ 9.  The Court finds that a judgment in Plaintiff's favor would necessarily imply the invalidity of the Committee's alleged decision to continue Plaintiff's confinement after his purported conditional release date.  Also, Plaintiff has not shown that the Committee's decision has been invalidated as required by *Heck*, 512 U.S. at 487.  Since Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, this action must be dismissed without prejudice.

As a final matter, although Plaintiff's release from incarceration might enable him to file a § 1983 action now, *see Huang*, 251 F.3d at 75, dismissal is still required in this case because Plaintiff was not released until *after* he filed suit.  *See Gastelu*, 2005 WL 2271933, at *4; *see also Browdy v. Karpe*, 3:00 CV 1866, 2004 WL 2203464, *7 (D.Conn. Sep. 20, 2004) (finding *Heck*

barred the plaintiff's claims for a number of reasons, one of which was because the plaintiff, who was no longer incarcerated, was incarcerated at the time he filed the action, noting that "[n]o court in this circuit . . . has applied *Huang* to allow suit by a plaintiff who was incarcerated or in custody at the time of filing a civil rights action, but later released.").

### III. Request for injunctive relief

In Plaintiff's submission titled "Motion for Temporary Restraining Order and Preliminary Injunction," Plaintiff seeks to enjoin Defendants from "taking or blocking Plaintiff's conditional release date." Dkt. No. 4, Motion at pp. 4-5. The Court finds that Plaintiff's request for injunctive relief is moot because Plaintiff has already been released from incarceration. Plaintiff is advised that for a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint was filed." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (citation omitted). "A case is deemed moot where the problem sought to be remedied has ceased, and where there is 'no reasonable expectation that the wrong will be repeated.'" *Id.* Thus, Plaintiff's request for injunctive relief is denied as moot.

### IV. Application to proceed *in forma pauperis*

Turning to Plaintiff's *in forma pauperis* application, the Court finds that it is moot because this action must be dismissed. Furthermore, the application does not reflect Plaintiff's new financial circumstances, since it was submitted before Plaintiff was released from incarceration. Accordingly, Plaintiff's application is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that this action is **DISMISSED without prejudice**, and it is further

**ORDERED**, that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4) is **DENIED**, and it is further

  **ORDERED**, that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is **DENIED**, and it is further

  **ORDERED**, that the Clerk serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: November 16, 2005

            */s/ Norman A. Mordue*
            Norman A. Mordue
            U.S. District Judge